### Jacob Bogart v. Daniel O'Regan.

An auctioneer, who, in his own name, sells goods for a third person, is the trustee of an express trust, within the meaning of § 113 of the code, and may sue upon the contract of sale, without an assignment to him of the cause of action.

To entitle an auctioneer, who has made a sale for another, in his own name, to recover against the purchaser, it is not necessary to show that he is regularly licensed, nor that he has complied with the provisions of the revised statutes relating to auctioneers. And even if it appear that he has not obeyed them, he may incur statutory penalties and forfeitures therefor, but the sale will not, as a necessary consequence, be invalidated.

A vendor, who has notified the vendee of his readiness to deliver goods, and has waited a reasonable time thereafter, may sell them, and the vendee will be liable for the loss suffered in the resale.

Where the goods were of a light character, the parties residing in the same place, and a resale was made three or four days after the notification; it was held that the vendor had waited a "reasonable time."

The vendee of goods, who neglects to fulfill his contract to purchase, is not entitled to specific notice of the time and place of the resale; although, *it seems*, that in the case of a pawn, pledge, or gage, the bailee cannot sell without such notice to the bailor.

The plaintiff in this action was an auctioneer, and was employed by a constable to sell a small stock of boots and shoes The defendant became the purchaser; the terms being cash, and

the goods to be immediately removed. The plaintiff paid over to the constable the sum for which the goods were sold, and then repeatedly called upon the defendant, who on several occasions promised to pay. At last, however, he stated that he had no money; and, upon a resale being threatened, told the plaintiff to do as he pleased. The plaintiff notified him, verbally, to remove the goods. After waiting three or four days, and hearing nothing further from the defendant, a resale was made, and this suit was brought by the plaintiff, in his own name, in the first district court. A judgment was obtained in that court in favor of the plaintiff, for the difference between the price agreed to be paid by the defendant, and the amount which the goods realized upon the resale.

An appeal was taken by the defendant, upon exceptions to the ruling of the justice, in refusing to direct a nonsuit. The defendant objected, among other things: 1. That the plaintiff had not proved that he was a licensed auctioneer. 2. That he was not the true party in interest, and could have no right of action, except as assignee, which character he has not assumed. 3. That there was no legal or sufficient notice, to justify a resale. 4. That the plaintiff could not recover for goods sold, he having in fact appropriated them to his own use.

*James G. McAdam*, for the appellant.

*Daniel B. Taylor*, for the respondent.

BY THE COURT. DALY, J.—No assignment of the claim was necessary to entitle the plaintiff to bring an action in his own name. The § 113 of the code provides that a trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted, and declares, that " a trustee of an express trust, within the meaning of this section, shall be construed to include a person for whom, or in whose name *a contract is made for the benefit of another.*"

The duties imposed by the revised statutes upon auctioneers, and which it is urged the plaintiff failed to show that he

performed, were designed for the public protection, and an auctioneer who neglects to perform them, incurs certain penalties and forfeits his appointment. (1 R. S. 647.) But to recover for a sale made by him, it is not necessary for him to show that he complied with the statute. Even if shown that he did not, it would not invalidate the sale and release the purchaser from his contract. The only effect that follows the auctioneer's neglect or omission, are the penalties and forfeitures he incurs thereby.

He was not bound to show that he was a licensed auctioneer. As before suggested, he sues under the statute as a trustee of an express trust, having made a sale of goods for the benefit of another.

This action is brought for a breach of a contract to purchase; to recover damages for the difference between the contract price and the price obtained upon a resale of the goods; and, upon the facts proved, there cannot be the slightest doubt of the right to recover.

A vendor, after he has notified the vendee of his readiness to deliver and has waited a reasonable time for the vendee to take away the goods, may resell the property, and the vendee will be liable to make good any loss that may arise upon the resale. (Story on Sales, § 402.) The defendant, in this case, was so notified three or four days before the resale, and he neglected to pay for the goods and take them away. He was called upon several times, and told that if he did not pay and remove them, they would be resold. When last called upon, he said he could not raise the money; and upon being told that the plaintiff would sell them on his account, he said he might do as he pleased. Here was an express authority conferred to sell the goods, which was, of itself, sufficient to authorize the resale. But if no such authority had been given, the plaintiff, after having waited three or four days after giving notice of his readiness to deliver, was at liberty to sell the goods over again. It was waiting, in our judgment, a reasonable time.

From the points submitted, the defendant appears to be under the impression that he was entitled to specific notice of

the time and place of sale. This is not so. All that a vendor has to do in such a case, is to give notice of his readiness to deliver, and to wait a reasonable time thereafter. In the case of a pawn, pledge, or gage, it is perhaps the better opinion that the bailee cannot sell without giving notice of the time and place of sale. That arises from the peculiar nature of the bailment. Upon a resale of merchandise, however, which the buyer neglects to take away, it has never been doubted but that the vendor, when he has allowed a reasonable time to elapse after giving notice of his readiness to deliver, may go on and sell in the best way and at what time he can.

We are, therefore, of opinion that the judgment be affirmed.

Judgment affirmed.